Dear Senator Wilson:
This letter is being written in response to your request for an opinion as to whether certain vehicles can be operated legally upon the highways of this state. The vehicle in question is a motor vehicle unit especially designed for removing sludge from sewage treatment plants and transporting it to disposal sites. The unit consists of a truck chassis mounted on super wide high flotation tires which allow it to be operated over fields in all weather conditions without becoming stuck or causing damage to the surface of the land. A storage tank is mounted on the chassis along with the necessary pumps for filling the tank and spreading the sludge over the disposal site through various types of applicators.
In your request, you mentioned the State Highway Patrol's position regarding a particular sludge disposal unit of the type mentioned above known as "Big Wheels." In order to respond, it was necessary to review both the letter of August 22, 1980, addressed to you from the superintendent of the highway patrol, A. R. Lubker, as well as an advertising brochure from the "Big Wheels" company.
In our opinion, a sludge disposal unit of this type cannot be operated legally upon the highways of this state. As described, this unit is approximately eleven feet wide. Section 304.170.1, RSMo, as enacted in Senate Bill No. 508, 2nd Regular Session, 80th general Assembly, prohibits the operation of a vehicle upon the highways of this state wider than ninety-six inches. The only exception to that general rule is contained in subsection 7 of § 304.170 which exempts certain agricultural implements, certain towing or transporting vehicles, and implements of husbandry from the width requirements under certain circumstances. The suggestion has been made that a sludge disposal unit can be considered an "implement of husbandry." That term is defined in subsection 8 of § 304.170 as a self-propelled machine operating at speeds of less than thirty miles per hour which has been specifically designed or adapted for incidental over the road and primary off road usage and to be used exclusively for the application of commercial plant food materials or agricultural chemicals. Such a device cannot exceed a width of eleven feet, six inches. Emphasizing the fact that such a device is to be used for applying commercial plant food materials or agricultural chemicals to crop lands, the legislature provided in subsection 9 of § 304.140 that the purpose of the entire section is to permit a single trip per day by the implement of husbandry from the source of supply to a given farm.
The "Big Wheels" sludge disposal unit does not meet this definition. According to the manufacturer, it was not designed for making a single trip per day to agricultural fields for the purpose of spreading commercial plant foods or agricultural chemicals, but rather was designed for removing up to 100,000 gallons of sludge a day from sewage treatment plants. In order to do this, the manufacturer estimates that approximately six loads can be run per hour allowing five to six minutes for loading and unloading and four to five minutes for on the road travel time between the treatment facility and application sites. Although the unit could be operated in the field exclusively by using "nurse tanks" to bring the sludge material from the treatment plant to the disposal site, this is not contemplated in your opinion request or in the discussion with the highway patrol. Furthermore, there is a serious question as to whether sludge constitutes "commercial plant food materials or agricultural chemicals." In 10 CSR 80-2.010 (27), the Department of Natural Resources defines it as:
 Sludge means the accumulated semi-solid suspension of settled solids deposited from wastewaters or other fluids in tanks or basins.
Although sludge certainly may have nutrient value for plants, it is not an agricultural chemical and seemingly has little commercial value.
The exceptions contained in subsection 7 of § 304.170
simply do not apply to this particular vehicle. Therefore, the operation on the highways of this state of such a unit which is wider than ninety-six inches would be contrary to § 304.170.1, RSMo, as enacted in Senate Bill No. 508, 2nd Regular Session, 80th General Assembly.
Very truly yours,
 JOHN ASHCROFT Attorney General